UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jabbar J. Straws, # 231018, a/k/a Jabbar Jomo Straws, <br><br> Plaintiff, <br><br> vs. <br><br> Sergeant Roach; Bruce Oberman; Nurse Pract; Doctor Pate; Nurse Practioner Susan Blake; Nurse Boyd; Nurse Singlee; Nurse Johnson; Ms. C. James; Mr. D. Patterson, <br><br> Defendants. | ) C/A No. 4:11-cv-132-HFF-TER <br> ) <br> ) <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### I.  PROCEDURAL BACKGROUND

The Plaintiff, Jabbar Straws ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on January 20, 2011. Plaintiff alleged that his constitutional rights were violated by Defendants. On August 8, 2011, Defendant Singley[2] filed a motion to dismiss pursuant to Rules 4(m) and 12(b)(4) and (5) of the Federal Rules of Civil Procedure asserting "insufficient process and insufficient service of process." (Doc. #46). The court issued an order on or about August 8, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on August 29, 2011.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] Name listed as Nurse Singlee in the caption.

1

**II. ARGUMENT/ANALYSIS**

Defendant Singley asserts he should be dismissed from this action due to insufficient service of process. Defendant Singley argues he was not properly identified by the Plaintiff in the Summons and Complaint, that sufficient identifying information was not given in the Process Receipt and Return provided to the United States Marshal Service to effectuate service, and that he was not served with the Summons and Complaint in this matter. Further Defendant Singley contends "the Process Receipt and Return filed with the Clerk by the United States Marshall Service ("USMS") at Docket Entry Number 32 noting 'return Executed. Singlee Served on 5/12/2011' is incorrect and does not show proof of service on this defendant." (Doc. #46).

Rule 4m states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

A review of the documents in this action reveal that the Plaintiff completed the Form USM-285 for Service of Process identifying the defendant as Nurse Singlee at Lee Correctional Institution at 990 Wisacky Highway, Bishopville, S.C. 29010. (Doc. #32). It is further noted that the United States Marshal stated in the "remarks" section that "SCDC cannot accept 1st end 4/15/11 Cert. Mail Postage." (Id.). However, a Process Receipt and Return "Green Card" was returned by the USMS and filed with the Clerk's office revealing that a Donna Singletary at 1735 Converse Drive, Florence, SC 29501, signed the return receipt and accepted service. Therefore, the court entered a

docket entry that service was executed. However, the name Donna Singletary was not listed on the USMS Form 285 by Plaintiff, and she is not listed as a defendant in this action. In his response in opposition, Plaintiff asserts that he named "Nurse Singlee" not "Singletary" in the original complaint. (Doc. #51). The court is not aware how the USMS obtained this name or address or why she was served in relation to this action. It appears to be a clerical error on the part of the USMS. Therefore, it is recommended that the motion to dismiss be denied without prejudice. The court, *sua sponte*, recognizes that this was an error through no fault of the *pro se* Plaintiff, because the USMS was responsible for serving the Complaint as directed by the Court. Plaintiff should not be punished for the USMS error in attaching the Return Receipt card from a person that appears unrelated to this action.[3]

Additionally, if the District Judge adopts this report and recommendation, the court will then issue a ten (10) day order to the Plaintiff to complete the USMS Form-285 again giving better identification information for service. The USMS service will then be directed to attempt service on Defendant Singley based on the information provided by the Plaintiff pursuant to the identification for service order.

Based on the above reasoning, it is recommended that Defendant Singley's motion to dismiss (Doc. #46) be DENIED without prejudice.

                                          Respectfully submitted,

                                          s/Thomas E. Rogers, III
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

September 8, 2011
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[3] In the motion to dismiss, Defendant Singley asserts he is no relation to Donna Singletary, the person purported to be served as "Nurse Singley" by the USMS.