IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar J. Straws, #231018,<br><br>                          Plaintiff,<br><br> v.<br><br>Sergeant Roach; Bruce Oberman; Nurse Pract;<br>Doctor Pate; Nurse Practitioner Susan Blake;<br>Nurse Boyd; Nurse Singlee; Nurse Johnson; C.<br>James; D. Patterson;<br><br>                         Defendants. | ) C/A No. 5:11-132-TMC-KDW<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

      Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on three Motions for Summary Judgment filed by Defendant Boyd on September 26, 2011, Defendant Pate on October 26, 2011, and Defendants Roach, Oberman, Pract, James, and Patterson on November 9, 2011. ECF Nos. 58, 76, 85. As Plaintiff is proceeding pro se, the court entered *Roseboro* orders[1] on October 20, 2011, October 27, 2011, and November 10, 2011, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF Nos. 73, 80, 86. Plaintiff filed one response to all three Motions for Summary Judgment on December 14, 2011. ECF No. 89. Defendant Pate filed a reply on December 27, 2011, ECF No. 90, and Defendants Boyd, Roach, Oberman, Pract, James, and Patterson filed replies on December 28, 2011, ECF Nos. 91and 92. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e),

---

[1] On October 20 and 28, 2011 and November 10, 2011, United States Magistrate Thomas E. Rogers, III, entered "Roseboro orders" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

D.S.C.[2] Because the Motions for Summary Judgment are dispositive, a Report and Recommendation is entered for the court's review.

I.      Background

Plaintiff Jabbar J. Straws is an inmate housed within the South Carolina Department of Corrections ("SCDC"). ECF No. 85-1 at 1. Plaintiff was housed at Lee Correctional Institution ("LCI") during the time period relevant to his Complaint. ECF No. 1. Plaintiff filed his Complaint on January 20, 2011, alleging constitutional and other deprivations against Defendants, including excessive force, deliberate indifference to medical needs, denial of access to courts, and conditions of confinement. *Id.* Specifically, Plaintiff contends that Defendant Roach assaulted him on November 6, 2009, when Roach pushed Plaintiff twice in the cafeteria. ECF No. 1 at 3. Plaintiff also alleges that he was deprived of "adequate out-of-cell exercise as well as adequate living conditions" which caused him to develop health problems such as sinus infections or problems, skin rash, and body lice. ECF No. 1 at 4. Plaintiff contends that he complained to the medical staff at LCI about these conditions, but these conditions were not adequately treated. *Id.* Plaintiff also contends that he broke his thumb on October 28, 2009, and was denied medical attention and suffered in pain for three weeks. ECF No. 1 at 4-5. Plaintiff also asserts that he was denied access to the court on June 2, 2010. ECF No. 1 at 5. Plaintiff requests monetary compensation in the sum of $1,000,000 which includes pain and suffering; punitive and nominal damages in the sum of $500,000; $85,000 in attorney fees; court costs; and injunctive relief.

---

[2] On January 2, 2012, the matter was reassigned from United Magistrate Thomas E. Rogers, III, to the undersigned. ECF No. 94.

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments submitted, the undersigned recommends that Defendants' motions be granted, thus ending this case against them.

III.    Analysis

Plaintiff filed this litigation pursuant to 42 U.S.C. § 1983 alleging claims against ten Defendants.  Defendants Roach, Oberman, Pract, James, Patterson, Pate and Boyd have filed three Motions for Summary Judgment arguing that they are entitled to judgment as a matter of law as to all Plaintiff's claims.  Because Plaintiff's allegations vary as to the multiple Defendants, the Report discusses Defendants' motions as to each Defendant or group of Defendants as appropriate.

A. Defendants' Roach, Oberman, Pract, James and Patterson's Motion for Summary Judgment

1. Assault by a Correctional Officer

Plaintiff contends that Defendant Roach violated his Eighth and Fourteenth Amendment rights when Roach assaulted Plaintiff by pushing him twice while the parties were in the prison cafeteria. ECF No. 1 at 3. Defendants submit that they are entitled to summary judgment as to this claim because Plaintiff has failed to establish a claim for use of excessive force that rises to the level of a constitutional violation. ECF No. 85-1 at 4.

The Eighth Amendment prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component)"; and that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (*citing Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)). Thus, courts must analyze both subjective and objective components.

The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The absence of significant injury alone, however, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010). The extent of the injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if the force used is applied maliciously and sadistically liability is not avoided simply because the prisoner "had the good fortune to escape serious harm." *Id.* at 1179. As the Court noted in *Wilkins*, the issue is the nature of the force, not the extent of the injury.

In support of their summary judgment motion, Defendants offer the affidavit of Anthony Padula, Warden of LCI, who attests that Defendant Roach was not working on the day of the alleged assault. *See* ECF No. 85-2 at 2. Defendants also offer Plaintiff's medical records and contend that his records are "devoid of any injury relating to the purported incident." ECF No. 85-3 at 29-59. Defendants aver that, even if force was used, Plaintiff has not offered any evidence that the alleged force used was unreasonable, excessive, or done in a sadistic or wanton manner. ECF No. 85-1 at 4.

The record shows that Plaintiff has not produced any evidence that indicates that Defendant Roach acted with a sufficiently culpable state of mind (subjective component) or that there was any injury inflicted on the Plaintiff (objective component). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, ___ U.S.____, 130 S. Ct. at 1178. Further, Plaintiff has failed to raise any genuine issue of material fact as to this matter in his Response to Defendants' Motion for Summary Judgment. The undersigned, therefore, recommends summary judgment be granted on this claim.

2. Conditions of Confinement

Plaintiff contends that Defendant Oberman, Administrator of Special Management Unit ("SMU") at LCI, deprived Plaintiff of adequate out-of-cell exercise, and living conditions which caused Plaintiff to develop sinus infections or problems, skin rash and body lice. ECF No. 1 at 4. Defendants move for summary judgment on this claim contending that Plaintiff has failed to establish a claim that rises to the level of a constitutional deprivation. ECF No. 85-1 at 9. In support of this argument, Defendants offer an affidavit from Bruce Oberman, SMU Administrator at LCI, who oversees the day-to-day operation and administration of the SMU at LCI. ECF No. 85-4 at 1. Oberman attests that all inmates are offered outside recreation, weather and security permitting, and on the days outside recreation is not available, the inmates are provided an indoor exercise program. ECF No. 85-4 at 2. Oberman further explains that inmates are provided with adequate opportunities to clean their cells, and the inmates are also provided with "adequate hygiene products, clothing, bedding, wash clothes, towels." ECF No. 85-4 at 3. Oberman contends that Plaintiff was also given, and refused, several opportunities to return to general population. *Id.*

As a general matter, the Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976). Under this Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Even so, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of

criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim.").

In order to state an Eighth Amendment violation with respect to prison conditions, a prisoner must show: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991); *Shakka*, 71 F.3d at 166. To establish the subjective component of a conditions-of-confinement claim, a prisoner must show that prison officials acted with deliberate indifference---that is, the prisoner must show the officials acted with more than mere negligence but less then malice. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996); *see also Farmer* 511 U.S. at 835–37 (1994). For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate an extreme deprivation of his rights. *See Williams v. Branker*, 462 Fed. Appx. 348, 353 (4th Cir. 2012).

Here, the conditions-of-confinement of which Plaintiff complains do not rise to the level of an Eighth Amendment violation. The record shows that Plaintiff was provided with outside and inside recreational time and was also given the opportunity to return to the general population, which he refused. Further, Plaintiff has not identified what living conditions he found to be unconstitutional, nor has Plaintiff shown either injury or a substantial risk of serious harm based upon the challenged conditions. The undersigned, therefore, recommends granting summary judgment to Defendants on this claim.

### 3. Denial of Access to Court

Plaintiff asserts that Defendants James and Patterson denied him access to the court on June 2, 2010. ECF No. 1 at 5. Defendants challenge this assertion, arguing that Plaintiff has not

7

alleged, nor proven, that he has suffered any actual injury with regard to being denied access to the courts. ECF No. 85-1 at 8. Defendants further contend that Plaintiff has filed twelve federal lawsuits from 2006 to 2011, and five state actions, which directly contradicts Plaintiff's argument that he was denied access to the courts. ECF No. 85-1 at 8-9.

The right of access to the courts is the right to bring to court a grievance that the inmate wished to present and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

Here, Plaintiff has failed to furnish facts or evidence sufficient to survive summary judgment. The record shows that Plaintiff offered no evidence to establish a denial of access to the courts, or that he suffered any harm in any court action he had pending. Additionally, Plaintiff's twelve federal and five state actions refute his denial of access claim. The undersigned therefore recommends that this claim be dismissed. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

4. Qualified Immunity

Defendants Roach, Oberman, Pract, James and Patterson move for summary judgment arguing they are entitled to qualified immunity because Plaintiff failed to establish any claims that rose to the level of a constitutional deprivation and that these Defendants' actions were reasonable in light of the existing law. ECF No. 34-1 at 14-16. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case – that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted – then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record shows that these Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. These Defendants also performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

> B. Defendants Roach, Oberman, Pract, James, and Patterson, Defendant Pate and Defendant Boyd's Motions for Summary Judgment

> 1. Deliberate Medical Indifference

Plaintiff contends that the medical staff at LCI deprived him of adequate medical treatment. ECF No. 1 at 4. In support of this claim, Plaintiff contends that "[a]fter several visits with Nurse Pract, Defendant, who never took Plaintiff's condition serious finally scheduled Plaintiff an appointment to see a Doctor Pate, Defendant, on 7-29-10." ECF No. 4 at 1. Plaintiff contends that Dr. Pate told him "there is nothing I can do about your body lice." *Id.* Plaintiff also argues that he was seen by Defendant Boyd on September 2, 2010 "concerning extensive medical problems including body lice which they neglected to do anything about." *Id.* Plaintiff contends that he has been suffering from "this condition" for several months and is still suffering. ECF No. 1 at 4.

Defendant Pate filed a motion for summary judgment on this claim arguing that Plaintiff has failed to show that his actions or inactions rose to the level of a constitutional violation. ECF No. 76-1 at 8. Dr. Pate contends that Plaintiff has failed to present any evidence to show that he has body lice or that he raised his concerns about body lice to Dr. Pate. ECF No. 76-2 at 8-9, 12. Dr. Pate contends that the medical records show that he saw Plaintiff on July 29, 2010 and

Plaintiff complained of sporadic back pain and frequent urination. *Id.* Dr. Pate contends that he examined and tested Plaintiff to determine the cause of his complaints and that the records demonstrate Plaintiff received appropriate and timely medical care for the symptoms he presented on July 29, 2010. *Id.* Dr. Pate also contends that incorrect medical treatment or diagnosis is not actionable under § 1983.

Defendant Boyd also filed a motion for summary judgment on this claim arguing that Plaintiff has not shown that his constitutional or statutory rights were violated by Nurse Boyd. ECF No. 58-1 at 7. Nurse Boyd offers Plaintiff's medical records in support of her summary judgment motion, arguing that she handled two sick encounters for Plaintiff and in each encounter she thoroughly examined Plaintiff, addressed his concerns, and referred his visit to the physician to review. ECF No. 58-2 at 5-7, 23. Nurse Boyd further contends that body lice is not something that could be classified as a serious medical need, and even if it were, Plaintiff's records show that Nurse Boyd provided care and treatment for the complaints Plaintiff voiced. ECF No. 58-1 at 9. Additionally, Nurse Boyd argues that Plaintiff has failed to establish that he suffered any injury or harm as a result of the alleged lack of care. *Id.*

Defendants Roach, Oberman, Pract, James, and Patterson move for summary judgment on this claim contending that Defendant Pract, who Plaintiff alleges never took his body lice condition seriously, is the only party identified in support of Plaintiff's inadequate medical care claim. ECF No. 85-1 at 12. Defendants offer Plaintiff's medical records, establishing that Plaintiff was seen at sick call by Nurse Pratt (improperly identified in the Complaint as Pract) on June 6, 2010. ECF No. 85-3 at 34-35. During this visit, Plaintiff "complained of back pains, sinus problems, dandruff, and a reddish rash on his abdomen." *Id.* Nurse Pratt examined

11

Plaintiff and instructed Plaintiff to apply a cool compress and hydrocortisone cream to the rash. *Id.* Nurse Pratt also told Plaintiff "that the sick call visit would be deferred to the physician with regard to any needed follow-up, and Plaintiff's records show that Dr. Benjamin Lewis reviewed the entry on June 7, 2010 and prescribed various medications to Plaintiff. *Id.*

Nurse Pratt next saw Plaintiff at sick call on June 29, 2010 and during this visit Plaintiff complained of "dandruff, back pain, sinus problems, and a possible lice infestation on his sheets and body." ECF No. 85-3 at 33-34. As a result of this sick visit, Nurse Pratt gave Plaintiff medicine for his sinuses and instructed Plaintiff to increase his intake of water and fluids. *Id.* Nurse Pratt also referred the encounter to the physician for determination of the need for a Doctor's visit, prescriptions, and possible x-rays, and Plaintiff was subsequently scheduled for the Nurse Practioner's clinic. ECF No. 85-3 at 33-34. On July 14, 2010, Plaintiff again saw Nurse Pratt and complained of back pain and frequent urination. ECF No. 85-3 at 33-34. Nurse Pratt deferred the encounter to the physician, and Plaintiff was scheduled to be seen at the M.D. Clinic. *Id.* Plaintiff was again seen by Nurse Pratt on August 27, 2010 during a sick call visit where Plaintiff complained of continuing back pain. ECF No. 85-3 at 32. Nurse Pratt deferred the encounter to the physician, and Plaintiff received prescriptions for his complaints the same day. *Id.* Nurse Pratt last saw Plaintiff on October 12, 2010 when Plaintiff went to sick call complaining of sinus drainage and wanting his toenails clipped. ECF No. 85-3 at 30-31. Nurse Pratt clipped Plaintiff's toenails and provided medicine for his sinuses. *Id.*

In order to prevail on a cause of action for deliberate indifference to medical needs, Plaintiff must show that the named Defendants were deliberately indifferent to his serious medical need. *Farmer*, 511 U.S. at 832-33; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v.*

*Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 837. In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. *Sosebee v. Murphy*, 797 F.2d 179, 182–83 (4th Cir. 1986).

Plaintiff has not proffered any responsive facts that indicate summary judgment would be inappropriate in response to Defendants Roach, Oberman, Pract, James, and Patterson, Defendant Pate and Defendant Boyd's Motions for Summary Judgment on Plaintiff's medical indifference claim. Because Plaintiff has not established a viable claim of deliberate medical indifference the undersigned recommends that summary judgment be granted as to this claim.

  C. Defendant Pate and Boyd's Motion for Summary Judgment

    1. Negligence/Medical Malpractice

To the extent that Plaintiff is seeking to raise state law claims of negligence or medical malpractice, South Carolina law requires a plaintiff to file a Notice of Intent to File Suit and an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15-36-100(B); *Martasin v. Hilton Head Health Sys. L.P.*, 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); *Jernigan v. King*, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993). It is undisputed that Plaintiff has failed to file a Notice of Intent to File Suit or an expert affidavit with his Complaint, and therefore he cannot proceed with a state law claim of negligence or medical malpractice

13

against Defendants Pate and Boyd. The undersigned therefore recommends that this claim be dismissed.

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendants' Motions for Summary Judgment , ECF Nos. 58, 76, 85, be granted, and that Plaintiff's case against Defendants Roach, Oberman, Pract, James, Patterson, Pate and Boyd be dismissed.

IT IS SO RECOMMENDED.

July 13, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**