IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar J. Straws, # 231018, ) | C/A No. 4:11-0132-TMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Sergeant Roach; Bruce Oberman; Nurse ) | |
| Pract; Doctor Pate; Nurse Practioner Susan ) | |
| Blake; Nurse Boyd; Nurse Singlee; Nurse ) | |
| Johnson; C. James; D. Patterson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

  This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

  Plaintiff filed his Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2, in this case on January 20, 2011. By Order dated March 29, 2011 service of process on all Defendants was authorized and Plaintiff's motion to proceed *in forma pauperis* was granted. ECF No. 13. On May 31, 2011, the summons for Defendant "Nurse Singlee" was returned executed. ECF No. 32. On June 14, 2011, Defendants Michael Singley and Martha Boyd filed their answer in which Defendant Singley asserted that Plaintiff had incorrectly identified him as "Nurse Singlee" in Plaintiff's Complaint.[1] ECF No. 37. On August 5, 2011, Defendant Singley filed a Motion for Leave to Amend his Answer and an Amended Answer to the Complaint, ECF No. 45. The motion was granted by docket text order, on September 8, 2011, ECF No. 52.

  On August 8, 2011, Defendant Singley filed a Motion to Dismiss asserting that he should be dismissed from this action due to insufficient service of process. ECF No. 46. Defendant Singley argued that he was not properly identified by the Plaintiff in the Summons and Complaint, that sufficient identifying information was not given in the Process Receipt and Return provided to the United States Marshals Service ("USMS") to effectuate service, and that he was not served with the

---

[1] By Order dated August 1, 2012, ECF No. 107, Motions for Summary Judgment, ECF Nos. 58, 76 and 85, filed by Defendants Boyd, Roach, Oberman, Pract, James, Patterson, and Pate, were granted and Plaintiff's claims against these seven Defendants were dismissed. On August 16, 2012, Plaintiff filed a Notice of Appeal, ECF No. 107, as to this Order, which is currently pending in the United States Court of Appeals for the Fourth Circuit.

Summons and Complaint in this matter. Defendant Singley contended that "the Process Receipt and Return filed with the Clerk by the . . . USMS at Docket Entry Number 32 noting 'return Executed. Singlee Served on 5/12/2011' was incorrect and did not show proof of service on this defendant." ECF No. 46. Defendant Singley asserted that the person who was actually served by the United States Marshals Service was an unrelated individual named Donna Singletary, who was misidentified by the USMS as "Nurse Singley." On August 21, 2011, Plaintiff filed a response in opposition to Defendant Singley's Motion to Dismiss, asserting that he had named "Nurse Singlee" not "Singletary" in his Complaint. ECF No. 51.

On September 8, 2011, the undersigned issued a Report and Recommendation finding that Plaintiff had completed a Form USM- 285 for Service of Process identifying Defendant Singley as "Nurse Singlee" at Lee Correctional Institution at 990 Wisacky Highway, Bishopville, S.C. 29010. *See* ECF No. 54. The USMS stated in the "remarks" section that "SCDC cannot accept 1st end 4/15/11 Cert. Mail Postage." However, a Process Receipt and Return "Green Card" was returned by the USMS and filed with the Clerk's Office revealing that a Donna Singletary at 1735 Converse Drive, Florence, SC 29501, signed the return receipt and accepted service. Therefore, the court entered a docket entry that service was executed. However, the name Donna Singletary was not listed on the USMS Form 285 by Plaintiff, she was not listed as a defendant in this action, and the court was not aware how the USMS obtained her name and address or why she was served in relation to this action. Because it appeared that a clerical error on the part of the USMS resulted in the failure to effect service of process on Defendant Singley, the undersigned recommended that Defendant Singley's Motion to Dismiss be denied without prejudice. The undersigned also recommended that, upon the adoption of the report and recommendation by the District Judge, the court issue a ten-day order to Plaintiff to complete the USMS Form-285 again, giving better identification information for service so that the USMS could be directed to attempt service on Defendant Singley. On October 20, 2011, United States District Judge Timothy M. Cain issued an Order, ECF No. 70, adopting the Report and Recommendation and denying, without prejudice, Defendant Singley's Motion to Dismiss.

**To date, Plaintiff has not submitted a summons and Form USM-285 for Defendant Singley, therefore proper service of process has not yet been effected upon Defendant Singley.**

**TO PLAINTIFF:**

**It is the responsibility of Plaintiff to provide sufficient, accurate, and complete information on a summons and Form USM-285 for service of process on Defendant Michael Singley**. Also, Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 120 days after the complaint is filed, the court may have to dismiss the action, without prejudice. Case law interpreting Rule 4(m) and its predecessor has uniformly held that dismissal is mandatory unless good cause is shown, if a defendant is not served within 120 days. *See*, *e.g.*, *McMasters v. U. S.*, 260 F.3d 814 (7th Cir. 2001); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991).

**Accordingly, Plaintiff is hereby directed to provide to the Clerk of Court, within ten (10) days of the date of this Order, an updated summons and Form USM-285 with Defendant Michael Singley's current, correct name and street address for service of process. One (1)**

**blank summons form and one (1) blank Form USM-285 are attached to this Order for Plaintiff's use.**

On the summons form, in the space following "TO: (Defendant's name and address)," Plaintiff is required to provide a complete name and a full address where Defendant Singley can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are." Handwritten information must be printed and legible. Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins.

On the Form USM-285, Defendant Singley's name and street address should be placed in the spaces preceded by the words, "SERVE AT." Plaintiff's name and address should be placed in the space designated, "SEND NOTICE OF SERVICE COPY TO . . .," and Plaintiff should sign where the form requests, "Signature of Attorney or other Originator . . . ." Plaintiff must provide Defendant's complete **street** address on the form (not a post office box address). Plaintiff must provide, and is responsible for, information sufficient to identify Defendant on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant and, as noted above, an unserved defendant may be dismissed as a party to this case.

**TO THE CLERK OF COURT:**

**The Clerk of Court's Office shall terminate Defendant "Nurse Singlee" on the docket and, because this Defendant has now identified himself as Michael Singley, the Clerk of Court's Office shall add Defendant Michael Singley to the case caption. The Clerk of Court shall send to Plaintiff one (1) blank summons form and one (1) blank Form USM-285 so that Plaintiff can submit properly completed proposed service documents for Defendant Michael Singley, to effect service of process upon him.**

The Clerk of Court shall mail a copy of this Order and the proper form documents to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States District Judge to determine whether to enter an order of dismissal as to Defendant Michael Singley. *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA. If, however, Plaintiff provides this court with the items specified above, the Clerk of Court should forward the file to the undersigned United States Magistrate Judge to determine if service of process should be authorized on Defendant Michael Singley.

**IT IS SO ORDERED.**

September 25, 2012                               Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge