IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar J. Straws, #231018,<br>          Plaintiff,<br><br> v.<br><br>Sergeant Roach; Bruce Oberman; Nurse Pract;<br>Doctor Pate; Nurse Practitioner Susan Blake;<br>Nurse Boyd; Michael Singley; Nurse Johnson; C.<br>James; D. Patterson;<br><br>          Defendants. | ) C/A No. 5:11-132-TMC-KDW<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

   Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendant Nurse Practitioner Susan Blake filed a Motion for Summary Judgment on August 8, 2012.[1] ECF No. 113. As Plaintiff is proceeding pro se, the court entered an order on August 9, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion for summary judgment and of the need for him to file an adequate response. ECF No. 114. Plaintiff was specifically advised that if he failed to respond adequately, Defendant Blake's motion may be granted, thereby potentially ending this case. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to the motion.

   On September 20, 2012, the court ordered Plaintiff to advise whether he wished to continue with the case by October 8, 2012. ECF No. 126. Plaintiff has filed no response. As such, it appears to the court that Plaintiff does not oppose Defendant Blake's motion and wishes to abandon his action as to this Defendant. Based on the foregoing, the undersigned

---

[1] Defendants Roach, Oberman, Pract, James, Patterson, Pate and Boyd were dismissed as Defendants previously. *See* ECF No. 107. A summons was issued as to Defendant Nurse Johnson on March 29, 2011. ECF No. 16. On July 22, 2011, the Clerk's office received a process receipt and return which seemingly indicates that on July 13, 2011 Nurse Johnson was personally served. ECF No. 43. Nurse Johnson has not filed an answer to the complaint.

recommends this action be dismissed with prejudice for failure to prosecute as to Defendant Blake. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Because Plaintiff's Complaint against Defendant Blake contains similar allegations as those made against Nurse Johnson, the undersigned also recommends that Plaintiff's Complaint against Nurse Johnson be dismissed.[2]

On October 20, 2011, the court issued an order noting that a clerical error on the part of the United States Marshal Service resulted in the failure to effect service of process on Defendant Singley. ECF No. 70. By Order dated September 25, 2012, Plaintiff was instructed that under Federal Rule of Civil Procedure 4(m) that this court must dismiss an action against a particular defendant who was not served within 120 days after the complaint was filed. ECF No. 131. Plaintiff was directed to provide the Clerk of Court, within ten days from the date of the Order, with an updated service form with a correct address for Defendant Michael Singley should Plaintiff desire to attempt service upon Defendant Singley again. *Id.* Plaintiff has not responded to this court's September 25, 2012 Order.

Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 120 days after the complaint is filed, this court must dismiss an action without prejudice as to that particular defendant. *See* Rule 4(m), Fed. R. Civ. P. Because more than 120 days has passed since the filing of Plaintiff's Complaint, and Plaintiff has not provided the Clerk with a valid address for Defendant Singley, the undersigned recommends that Defendant Singley be dismissed from this action without prejudice.

---

[2] Plaintiff's Complaint alleges that Nurse Blake and Nurse Johnson were deliberately indifferent to Plaintiff's medical problems and neglected to provide Plaintiff with appropriate treatment from which Plaintiff still suffers. ECF No. 1 at 4-5.

IT IS SO RECOMMENDED.

October 12, 2012 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**