IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jabbar J. Straws,<br><br>        Plaintiff,<br><br>v.<br><br>Sergeant Roach; Bruce Oberman; Nurse Pract; Doctor Pate; Nurse Practitioner Susan Blake; Nurse Boyd; Michael Singley; Nurse Johnson; C. James; D. Patterson;<br><br>        Defendants. | C/A No. 5:11-132-TMC-KDW<br><br>**ORDER** |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. On August 8, 2012, Defendant Susan Blake filed a summary judgment motion (Dkt # 113). On August 9, 2012, the Magistrate Judge sent Plaintiff a *Roseboro* Order warning him of the consequences of failing to respond to Defendant Blake's Summary Judgment Motion.[1] After Plaintiff failed to file any response, the Magistrate Judge filed a second order on September 20, 2012, requiring Plaintiff to advise the court if he wished to continue the case. (Dkt # 114, 126). On September 25, 2012, the Magistrate Judge also filed an order directing Plaintiff to provide the Clerk with an updated summons for Defendant Michael Singley. (Dkt. # 131). Plaintiff, however, elected not to respond to Defendant Blake's Summary Judgment Motion or the court's orders. The Magistrate Judge then filed a Report and Recommendation on October 12, 2012, recommending Plaintiff's claims against Defendant Blake and Johnson be dismissed with prejudice for failure to prosecute and his claims against Defendant Singley be dismissed without prejudice. (Dkt. #136).

The Magistrate Judge makes only a recommendation to this court. The

---

[1] *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975).

recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation. (Dkt. # 136-1). However, Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Although the Magistrate Judge recommends dismissing only certain claims, after a thorough review of the Report and Recommendation and the record in this case, the court finds that this action should be dismissed in its entirety for failure to prosecute. An action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors: (1) the degree of petitioner's responsibility in failing respond; (2) the amount of prejudice to the petitioner; (3) the

history of the petitioner in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal.  *Davis v. Williams*, 588 F.2d 69 (4th Cir.1978).

In the present case, Plaintiff is proceeding pro se, so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed.  Plaintiff has not responded to the pending motion for summary judgment or the court's orders.   No other reasonable sanctions are available.

Accordingly, this case is **DISMISSED** with prejudice for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp.*, 669 F.2d at 920.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
November 2, 2012